**AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE, a corporation; Benjamin Baum; Phyllis Ball; Walter Bergman; John Charles Bearden; Gilbert R. Davis; and James T. Weaver, Plaintiffs,**

v.

**CITY OF GRAND RAPIDS, a municipal corporation, Defendant,**

and

**Chabad House of Western Michigan, Inc., a corporation, Intervenor.**

No. 1:90–CV–946.

United States District Court, W.D. Michigan.

March 21, 1991.

Albert R. Dilley, Grand Rapids, Mich., for plaintiffs.

G. Douglas Walton, Deputy City Atty., Philip A. Balkema, City Atty., Grand Rapids, Mich., for defendant.

Richard G. Leonard, Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, Mich., Nathan Lewin, David G. Webbert, Niki Kuckes, David I. Gelfand, Miller, Cassidy, Larroca & Lewin, Washington, D.C., for intervenor.

## OPINION

ENSLEN, District Judge.

This matter is before the Court on plaintiffs' request for a permanent injunction barring the display of a menorah on Calder Plaza.[1]

Plaintiffs filed their complaint in this matter, accompanied by a motion for a preliminary injunction, on November 13, 1990. The Court held a hearing on plaintiffs' motion on December 5, 1990. At the hearing, the Court granted the plaintiffs' motion and enjoined defendant from issuing a permit allowing the erection of a menorah on Calder Plaza. On December 21, 1990, 784 F.Supp. 403, the Court issued a written opinion that was substantially similar to its oral opinion of December 5, 1990. On December 7, 1990, two days after the hearing on plaintiffs' motion, Chabad House filed a motion to intervene for the limited purposes of seeking clarification of the Court's December 5, 1990 Order and seeking appeal of the order. On the same day, December 7, 1990, the Court issued an amended preliminary injunction order re-

sponding, it believed, to the concern raised by Chabad House. The Court also set Chabad House's motion to intervene for a hearing on December 18, 1990. *See* Court's Opinion of January 18, 1991 (describing in detail the circumstances surrounding the actions of the Court on Chabad's motion). However, on December 10, 1990, Chabad House filed an emergency notice of appeal with the Sixth Circuit, appealing the December 5 and 7 decisions of this Court. On December 11, 1990, the Court received an order from the Sixth Circuit granting Chabad House's motion to intervene and staying the injunction entered by the Court on December 5, 1990. As acknowledged by Judge Guy in his concurrence, the Circuit Court did not have any record before it other than the pleadings when it made its decision. It obviously did not have the Court's written opinion which had not yet been issued, and it did not have a transcript of the hearing containing the Court's bench opinion. On December 17, 1990, the Court received an information copy of a slip opinion from the Sixth Circuit. This opinion was in "further explication" of the order issued on December 11, and discussed the Circuit's reasoning for granting the motion to intervene and the stay. *Americans United v. City of Grand Rapids*, 922 F.2d 303, 310 (6th Cir.1990). Again, however, the Circuit Court admitted that it had no transcript or written opinion from this Court at the time of the writing of the opinion. *Id.* at 305.

On February 20, 1991, the Court held a Rule 16 conference with the parties to this case, including Chabad House. *See* Court's Opinion of January 18, 1990 (holding that Chabad House shall be treated as an intervening full party defendant in this case). The parties discussed with Magistrate Doyle Rowland that, if the Sixth Circuit's expedited briefing schedule would allow, they would like to have a final resolution from this Court by March 22, 1991, in order

---

1. Plaintiffs' complaint originally asked for a judgment enjoining the placement of a menorah on Calder Plaza or on other government owned property. Plaintiffs' current brief asks only to enjoin placement of a menorah on Calder Plaza. It is obvious to the Court that banning place-

ment on "any government owned property" is far too broad a remedy, and one this Court would not grant. The Court believes that plaintiffs have limited their original request, and I will only address the issue of the placement of a menorah on Calder Plaza.

that they might consolidate all appeals before the Sixth Circuit. To this end, the parties agreed to file a set of stipulated facts upon which this Court could make its decision.

The parties filed their stipulation of facts on February 25, 1991, and shortly thereafter all parties filed additional briefs. The stipulation of facts filed with the Court is not substantially different from the facts contained in the Court's Opinion of December 21, 1990, and the Court hereby adopts and incorporates the stipulation of facts as filed.

Having read the stipulated facts and the parties' briefs, I believe that a permanent injunction should issue in this case. The reasons for this are fully developed in the Court's Opinion of December 21, 1990 and that opinion, except for the preliminary injunction standard and references, is hereby incorporated and made a part of this opinion.

I do note that in its supplemental brief the City of Grand Rapids has referred to three pertinent cases which have been decided since this matter was briefed and orally argued in December of 1990. After reviewing these cases, I do not find that they compel a change in the Court's reasoning on this issue.

In *Chabad–Lubavitch of Georgia v. Harris,* 752 F.Supp. 1063 (N.D.Ga.1990), the court denied plaintiffs' request for a temporary restraining order allowing them to erect a menorah on the plaza in front of the State Capital Building in Atlanta, Georgia. In denying the plaintiffs' motion, the court found that the government's ban on the placement of the menorah was legitimate, narrowly tailored and content-neutral. *Id.* at 1068. The court refused to follow *Kaplan v. City of Burlington,* 891 F.2d 1024 (2nd Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2619, 110 L.Ed.2d 640 (1990), on the basis that *Kaplan* was not binding authority and that it inappropriately extended the holding of *County of Allegheny v. A.C.L.U.,* 492 U.S. 573, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989), from a non-public forum to a public forum. I discussed these issues in my Opinion of December 21, 1990 where I, unlike Judge Evans in the *Harris* case, found *Kaplan* to be persuasive. However, like Judge Evans, I also found that prohibiting the display of unattended solitary religious symbols would not violate the requirement that content-based exclusions serve a compelling state interest and be narrowly drawn. *See* Opinion of the Court, dated Dec. 21, 1990 at 784 F.Supp. at 410.

Of even greater interest is the decision of the district court, in *Congregation Lubavitch v. Cincinnati,* to grant a preliminary injunction requiring the City of Cincinnati to permit plaintiffs to place a menorah in Fountain Square, and the subsequent decision of the Sixth Circuit denying the City's request for an emergency stay of the district court's preliminary injunction. *Congregation Lubavitch v. Cincinnati,* 923 F.2d 458 (6th Cir.1991). In *Congregation Lubavitch,* the Sixth Circuit acknowledged that it had earlier granted, in *Americans United,* a stay of this Court's injunction order regarding the placement of a menorah in a public forum. *Id.* at 459. However, the Court of Appeals distinguished *Americans United* by noting the differences between this case and the case before it in *Cincinnati.* These differences include the fact that the site of the menorah in Grand Rapids was "a plaza area arguably of special significance and proximity to the City government," whereas in Cincinnati, the site "has no particular connection with any government buildings or functions." *Id.* at 459–60. Because of these differences, the Court determined that "no facile agreement or distinctions may be drawn between this case and *Americans United.*" *Id.* at 460. The Court continued, noting that it "approach[ed] this motion with a clean slate before us, bounded only by the four factors that govern our judgment on motions for stays." *Id.* Following the Circuit Court's own reasoning, the existence of the *Cincinnati* case does not persuade me that a permanent injunction should not issue in this matter. Accordingly, I will enter a judgment granting plaintiff's request for a permanent injunction barring the City of Grand Rapids from issuing a permit allow-

ing the erection of a menorah on Calder Plaza.