ing the erection of a menorah on Calder Plaza.

AMERICANS UNITED FOR SEPARA-
TION OF CHURCH AND STATE, a
corporation; Benjamin Baum; Phyllis
Ball; Walter Bergman; John Charles
Bearden; Gilbert R. Davis; and James
T. Weaver, Plaintiffs,

v.

CITY OF GRAND RAPIDS, a municipal
corporation, Defendant,

and

Chabad House of Western Michigan,
Inc., a corporation, Defendant–
Intervenor.

No. 1:90–CV–946.

United States District Court,
W.D. Michigan.

Nov. 21, 1991.

Albert R. Dilley, Grand Rapids, Mich., for plaintiffs.

G. Douglas Walton, Deputy City Atty., Philip A. Balkema, City Atty., Grand Rapids, Mich., for defendant.

Richard G. Leonard, Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, Mich., Nathan Lewin, David G. Webbert, Niki Kuckes, David I. Gelfand, Miller, Cassidy, Larroca & Lewin, Washington, D.C., for defendant-intervenor.

OPINION

ENSLEN, District Judge.

Defendant City of Grand Rapids and Intervenor Chabad House have filed a motion requesting a stay of this Court's permanent injunction, issued March 21, 1991, during the pendency of defendants' appeal of the injunction. Pursuant to the opinion and order issued on March 21, 1991, this Court ordered that defendants be permanently restrained and enjoined from issuing a permit allowing the erection of a menorah on Calder Plaza in Grand Rapids, Michigan. 784 F.Supp. 412. This order constituted a final judgment in a suit commenced by plaintiffs, an association known as Americans United for Separation of Church and State (Americans United) and a group of individuals, claiming that the Grand Rapids government's practice of permitting the menorah display was an act respecting an establishment of religion in violation of the first amendment to the United States Constitution.

Defendants represent to the Court that oral argument in the appeal of the permanent injunction is scheduled on November 22, 1991, and explain that the Court of Appeals may not issue a ruling before the

beginning of Chanukah. The effect of granting defendants' motion would be to allow the City to permit the erection of a menorah during this year's Chanukah celebration, which, according to defendants, will commence on December 1, 1991.

## PROCEDURAL HISTORY

Plaintiffs filed their complaint in this matter, accompanied by a motion for a preliminary injunction, on November 13, 1990, and the Court held a hearing on plaintiffs' motion on December 5, 1990. At the hearing, the Court granted plaintiffs' motion for a preliminary injunction and enjoined defendant from issuing a permit allowing the erection of a menorah on Calder Plaza. On December 21, 1990, the Court issued a written opinion that was substantially similar to the Court's oral opinion of December 5, 1990. On December 7, 1990, two days after the hearing on plaintiffs' motion, Chabad House filed a motion to intervene for the limited purposes of seeking clarification of the Court's Order of December 5, and seeking to appeal that order. On the same day, December 7, 1990, the Court issued an amended preliminary injunction order responding, it believed, to the concerns raised by Chabad House. The Court also set Chabad House's motion to intervene for a hearing on December 18, 1990. *See* Court's Opinion of January 18, 1991 (describing in detail the circumstances surrounding the actions of the Court on Chabad's motion).

On December 10, 1990, Chabad House filed an emergency notice of appeal with the Sixth Circuit, appealing the December 5 and 7 decisions of this Court. On December 11, 1990, the Court received an order from the Sixth Circuit granting Chabad House's motion to intervene and staying the preliminary injunction entered by the Court on December 5, 1990. As acknowledged by Judge Guy in his concurrence, when making its decision, the Court of Appeals did not have any record before it other than the pleadings. The Court of Appeals did not have the benefit of this Court's written opinion, which had not yet been issued, nor did it have a transcript of the hearing containing this Court's bench opinion.

On December 17, 1990, the Court received an information copy of a slip opinion from the Sixth Circuit, which discussed the Circuit's reasoning for granting the motion to intervene and the motion to stay the preliminary injunction. *Americans United v. City of Grand Rapids*, 922 F.2d 303 (6th Cir.1990). Again, however, the Court of Appeals acknowledged that it had no transcript or written opinion of this Court before it at the time of the writing of the opinion. *Id.* at 305. The Court of Appeals further noted that in granting the stay of the preliminary injunction, "any decision on [defendants'] likelihood of success [on the merits] must be confessedly tentative," *id.* at 309, and that the views expressed in the opinion "are only those of the subscribing judges, and are subject to revision on full hearing." *Id.* at 310.

Following the Sixth Circuit's mandate, this Court proceeded to address the merits of plaintiffs' motion for a permanent injunction. To that end, the parties agreed to file a set of stipulated facts, which were filed on February 25, 1991, and, shortly thereafter, all parties filed additional briefs. This Court subsequently issued a written opinion that incorporated the parties' stipulated facts, noting that those facts were substantially similar to the facts expressed in the Court's Opinion of December 21, 1991. Having read the stipulation of facts and the parties' briefs, I granted plaintiffs' requested relief and entered an order permanently restraining and enjoining defendants from issuing a permit that would allow the erection of a menorah on Calder Plaza in Grand Rapids, Michigan. *See* Order of Court, March 21, 1991. Because I found that the reasons for granting the permanent injunction had been fully developed and analyzed in this Court's December 21, 1990 Opinion, which written opinion and analysis had not been reviewed by the Sixth Circuit, I incorporated the December 21, 1990 Opinion in the March 21, 1991 Opinion granting judgment to plaintiffs. In addition, I analyzed pertinent cases decided since this matter was briefed and orally argued in December 1990.

*See* 784 F.Supp. at 414–415; *Chabad–Lubavitch of Georgia v. Harris,* 752 F.Supp. 1063 (N.D.Ga.1990); *Congregation Lubavitch v. Cincinnati,* 923 F.2d 458 (6th Cir. 1991).

## STANDARD

■ Rule 62(c) of the Federal Rules for Civil Procedure authorizes a trial court to suspend, modify, restore, or grant an injunction during the pendency of an appeal of that injunction. Fed.R.Civ.P. 62(c). A trial court has complete discretion to decide whether a stay pending appeal of an injunction is appropriate. *Id.* In order to obtain a stay of an injunction pending appeal the moving party, the defendants in this case, must show: (1) the likelihood of success on the merits of the appeal; (2) irreparable injury to the party seeking the stay if the stay is denied; (3) no substantial harm to the opposing party; and (4) the public interest favors the grant of a stay. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). The Sixth Circuit has directed that, in controversies like the one before me now, the decision necessarily turns on the first factor, defendant's likelihood of success on the merits. *Congregation Lubavitch,* 923 F.2d at 460; *Americans United,* 922 F.2d at 306.

## DISCUSSION

■ In their legal memorandum, defendants do not apply the four-part *Hilton* test to their motion requesting a stay of the permanent injunction, nor do they address the likelihood of success on the merits of their appeal. Defendants merely argue that "[b]ecause the question presented by the permanent injunction is identical to that presented by the earlier preliminary injunction, the Sixth Circuit's determination that a stay should be entered of that order compels the entry of a stay here as well." Defendants' memorandum of law, at 3. I am not persuaded by defendants' argument.

Although the Sixth Circuit stayed the preliminary injunction on the basis of its tentative belief that "Chabad has a substantial likelihood of succeeding on the merits," *Americans United,* 922 F.2d at 309, the Court of Appeals carefully noted that its estimate of the merits was without "full briefing and the opportunity for oral argument" and was "not binding on whatever panel will determine the ultimate appeal." *Id.* at 306–07. "We strongly emphasize," wrote the Court of Appeals, "that we are not now deciding the appeal." *Id.* Therefore, it is a mischaracterization of the Sixth Circuit decision to suggest that the Court of Appeals' holding on the stay of the preliminary injunction is dispositive of the question whether defendants will likely succeed on their appeal of the permanent injunction.

Subsequent to the Sixth Circuit decision, this Court has had the opportunity to address the merits of the case after the parties fully briefed the matter and entered a stipulation of facts. After a thorough review of the relevant facts, case authorities, and legal issues, this Court determined that plaintiffs were entitled to the relief they sought and, accordingly, entered an order granting judgment to the plaintiffs. In short, this Court has decided the merits in favor of plaintiffs. While it is certainly possible that the Sixth Circuit may disagree with my decision on appeal, it is my firm belief that the relevant legal authority favors plaintiffs' position, and that authority is the same whether it is addressed by this Court or the Court of Appeals.

I note that, although my March 21, 1991 decision to enter a permanent injunction relied heavily on the analysis set forth in my earlier decision granting the preliminary injunction on December 21, 1990, the Court of Appeals' decision to stay the preliminary injunction was made without a review of either the written opinion or the bench opinion addressing the preliminary injunction. Consequently, although the Sixth Circuit reviewed the legal authority relevant to religious displays on public property and expressed its views on that topic when it addressed defendants' motion to stay the preliminary injunction, the Court of Appeals did not review, and has not reviewed, any decision by this Court

addressing the merits of plaintiffs' complaint.

The Court is mindful of the fact that its decision granting a permanent injunction was based, in part, on the Second Circuit's decision in *Kaplan v. City of Burlington*, 891 F.2d 1024 (2nd Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2619, 110 L.Ed.2d 640 (1990), including the Second Circuit's analysis of the existence of a public forum as a factor to be taken into account in determining whether the context of a religious display suggests government endorsement of religion. *Id.* at 1029–30; Opinion of Court, dated March 21, 1991, at 14–16. I am not unaware of the fact that the views expressed by the Sixth Circuit, in *Americans United*, turned largely on the fact that Calder Plaza is a public forum and that the Sixth Circuit stated it was "not currently persuaded" by *Kaplan's* analysis of the public forum factor. 922 F.2d at 309–10. Nevertheless, the Sixth Circuit has not expressly rejected the *Kaplan* public forum analysis. In calling *Kaplan* into doubt, the Sixth Circuit relied on *American Civil Liberties Union of Kentucky v. Wilkinson*, 895 F.2d 1098 (6th Cir.1990), stating that "there is dicta in *Wilkinson* indicating approval of the dissent in *Kaplan*, not the majority opinion." *Americans United*, 922 F.2d at 309. The Sixth Circuit then proceeded to state that its *"tentative* view of the merits" favored the dissenting view in *Kaplan*, which view favors the defendants in this case. *Id.* (emphasis added).

I do not believe that the foregoing expressions of the Sixth Circuit render my decision on the merits of plaintiffs' complaint inconsistent with the current law of this Circuit. If a panel of the Court of Appeals desires to expressly adopt that which the panel in *Americans United* tentatively favored, then I will certainly abide by that decision. However, I believe that my opinion is consistent with the Sixth Circuit decision in *Wilkinson* and that, when the analysis of that holding is applied to the facts of the instant case, as was done in my written opinion, *see* Opinion of Court, December 21, 1990, at 16–19, the law supports a judgment in favor of the plaintiffs in this case. Moreover, since my March 21, 1991 Opinion was entered, decisions in other circuits continue to support the reasoning employed by this Court. *See Chabad–Lubavitch of Vermont v. City of Burlington*, 936 F.2d 109 (2nd Cir.1991) (reaffirming the holding of *Kaplan*); *see also Doe v. Small*, 934 F.2d 743, 762, 770 (7th Cir.1991) ("A government may not avoid the constitutional command of the Establishment Clause by channeling its endorsement through a private speaker's religious expression in a public forum."), *reh'g en banc granted and opinion vacated*, 947 F.2d 256 (7th Cir.1991).

For the foregoing reasons, I find that defendants have not made a strong showing of likelihood of success on the merits. Accordingly, defendants' motion for stay pending appeal of the permanent injunction is denied.